UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CO-ALLIANCE, LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:07-CV-316 |
| | ) |
| B & G CROP FARMS, LLC, | ) |
| ROBERT GIBSON, and MARTHA GIBSON | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

The Complaint in this matter was filed in this Court on December 12, 2007.[1] (Docket # 1.) The Complaint alleges that Plaintiff Co-Alliance, LLP, is "an Indiana Limited Liability Partnership organized under the laws of the State of Indiana and doing business in the State of Indiana[,]" and that Defendants B & G Crop Farms, LLC; Robert Gibson; and Martha Gibson, are residents of the state of Michigan. (Compl. ¶ 2, 4.)

The Plaintiff's Complaint, however, is inadequate. This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332(a)(1). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot v. Mazda Motors of Am.*, *Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006).

---

[1] The Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1367, which pertains to supplemental jurisdiction, and does not cite 28 U.S.C. § 1332(a), the statute providing for diversity jurisdiction. We assume this is a typographical error.

Therefore, the Court must be advised of each party's citizenship, not residency. As to Defendants Robert Gibson and Martha Gibson, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence."). Here, however, the Complaint is deficient because the Plaintiff has merely alleged that Robert Gibson and Martha Gibson are residents of Michigan.

As to Defendant B & G Crop Farms, LLC, a limited liability company's citizenship "for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of all the members of B & G Crop Farms, LLC, to ensure that none of its members share a common citizenship with the Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). Moreover, citizenship must be "traced through multiple levels" for those members of B & G Crop Farms, LLC, who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). The Complaint is inadequate in the instant case because the Plaintiff stated only that B & G Crop Farms, LLC, is a resident of Michigan, without tracing the citizenship of any of its members.

Finally, as to the Plaintiff, Co-Alliance, L.L.P., "a limited partnership has the citizenships of each partner, general and limited." *Guar. Nat'l Title Co.,* 101 F.3d at 59 ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *see also Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). Thus, a court "need[s] to know the name and citizenship(s) of its

general and limited partners." *Guar. Nat'l Title Co.*, 101 F.3d at 59; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002). Moreover, as discussed *supra*, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson*, 312 F.3d at 320; *see also Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998) ("[B]oth general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen."). Here, however, the Complaint is deficient because the Plaintiff did not trace the citizenship of Co-Alliance's partners, stating only that Co-Alliance, LLP, is "organized under the laws of the State of Indiana and doing business in the State of Indiana."

Therefore, Plaintiff is ORDERED to file an amended complaint forthwith that properly cites the applicable statute and which fully discloses the citizenship of each party.

SO ORDERED.

Enter for this 13th day of December, 2007.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge